# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 19, 2004 Session

## JENNIFER LEE HEWSON v. KERRY DAVID HEWSON

**Appeal from the Circuit Court for Davidson County**
**No. 01D-891    Muriel Robinson, Judge**

---

### No. M2002-02785-COA-R3-CV - Filed March 31, 2004

---

This appeal involves the financial aspects of a divorce decree filed by the Circuit Court for Davidson County.  The husband takes issue with the apportionment of the marital debts, the amount of child support, and the award of spousal support.  We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Clark Lee Shaw, Nashville, Tennessee, for the appellant, Kerry David Hewson.

Jeffrey L. Levy, Nashville, Tennessee, for the appellee, Jennifer Lee Hewson.

### MEMORANDUM OPINION[1]

The parties were married on June 30, 1991.  There were two children born of the marriage.  On March 30, 2001, Mr. Hewson announced that he was leaving Ms. Hewson and the children for another woman.  At that time, the family's principle source of income was a concrete subcontracting company run by Mr. Hewson.  Days after leaving his wife and children, Mr. Hewson closed the marital business and opened a "new" concrete subcontracting business nominally controlled by his paramour.

---

[1]Tenn. Ct. App. R. 10 provides:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The parties were divorced on October 31, 2002. After a hearing and the receipt of documentary evidence submitted by the parties, the trial court found that the husband's "new" business was a sham designed to shield the husband from having to pay the marital debt, child support, and alimony. The trial court ordered Mr. Hewson to pay $1,366 per month for the support of the couple's two minor children and rehabilitative alimony of $500 per month for a period of three years. The trial court also assigned Mr. Hewson responsibility for marital debt totaling over $92,000.

On appeal, Mr. Hewson argues that the trial court abused its discretion in setting the amount of child support, in awarding rehabilitative alimony at all, and in assigning him responsibility for marital debt totaling more than $92,000. We review such financial determinations by the trial court under an "abuse of discretion" standard of review. *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000) (child support); *Dube v. Dube*, 104 S.W.3d 863, 869 (Tenn. Ct. App. 2002) (spousal support); *Ekelem v. Ekelem*, No. W2001-02986-COA-R3-CV, 2003 WL 21014972, at *4 (Tenn. Ct. App. Apr. 16, 2003) (distribution of marital debt). After carefully reviewing the record and briefs, we find no abuse of discretion on the part of the trial court.

Accordingly, we affirm the trial court's decision. In addition, we decline Ms. Hewson's request that we exercise our discretion to find Mr. Hewson's appeal frivolous and to award her attorneys' fees on appeal as a consequence pursuant to Tenn. Code Ann. § 27-1-122 (2000). The costs of this appeal are taxed to Kerry D. Hewson and his surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., P.J., M.S.